IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JARRIN JACKSON,<br><br>        **Plaintiff,**<br><br>v.<br><br>GENTNER DRUMMOND,<br>STEVE KUNZWEILER,<br><br>        **Defendants.** | Case No. 25-CV-00046-SEH-JFJ |

## OPINION AND ORDER

Before the Court is a motion to dismiss filed by Defendants Oklahoma Attorney General Gentner Drummond and Tulsa County District Attorney Steve Kunzweiler. [ECF No. 8]. For the reasons stated below, the motion is granted.

I.  Background

Plaintiff, appearing *pro se*, brought this federal lawsuit against Defendants for depriving him of "the right to redress grievance." [ECF No. 1 at 1, 3]. Plaintiff alleges that he served "affidavits claiming maladministration by public officials, and Defendants did not submit that evidence to a grand jury nor did Defendants inquire into Plaintiff's claims." [*Id*.]. He states that "Defendants blocked [his] access to a grand jury, despite Defendants receiving sworn testimony that government servants were

breaking the law." [*Id*. at 4]. He asserts that the defendants' "nonperformance of duty is an unofficial act as part of an unconstitutional process with no immunity." [*Id*. at 1, 4].

Plaintiff seeks a declaratory judgment from this Court that his "right to redress grievance includes giving evidence to grand juries and that no government official may block, modify, or abrogate that right." [ECF No. 1 at 5]. He further demands that Defendants answer: "Where does the Oklahoma Constitution grant authority to deprive people their right to access a grand jury?" [*Id*.].

The remainder of Plaintiff's complaint consists largely of excerpts and quotations from various portions of the Oklahoma Constitution, the United States Constitution, Supreme Court opinions, Black's Law Dictionary, and "Maxim[s] of Law" attributed to archaic sources. [ECF No. 1 at 1–5]. Attached to his complaint is an "Affidavit of Public Wrongs and Constitutional Demand to Access Grand Jury," directed at Defendants, demanding that they give an affidavit Plaintiff provided in October 2024 to the next grand jury. [*Id*. at 8].

In February 2025, Defendants moved to dismiss the complaint for failing to state a claim upon which relief can be granted, under Fed. R. Civ. P. 12(b)(6). [ECF No. 8]. The following month, Plaintiff moved for judgment, demanding that the Court "immediately GRANT declaratory judgment in

2

this matter … and declare that people have the right to access grand juries with complaints, and that the grand juries—not public officials—inquire and determine if complaints are sufficient for indictment[.]" [ECF No. 17 at 1]. In May, Plaintiff moved for a hearing to schedule a jury trial. [ECF No. 20]. In June, he petitioned the Tenth Circuit for a Writ of Mandamus, and that petition was denied in August 2025. [ECF No. 21]. Plaintiff has since filed two "notices" in which he seeks judgment and convening of a grand jury. [ECF Nos. 22, 23].

## II. Discussion

A pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss under Fed. R. Civ. P. 12(b)(6) based on a plaintiff's failure to state a claim upon which relief can be granted. To survive such a motion, "a plaintiff must plead sufficient factual allegations 'to state a claim to relief that is plausible on its face.'" *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104 (10th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "There is a low bar for surviving a Rule 12(b)(6) motion to dismiss," and a case "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Griffith v. El Paso Cnty., Colo.*, 129 F.4th 790, 815 (10th Cir. 2025) (cleaned up).

3

Although the facts alleged in the operative pleading are viewed in the light most favorable to the non-moving party, "[f]actual allegations must be enough to raise a right to relief above the speculative level" *Twombly*, 550 U.S. at 555. "In other words, dismissal under Rule 12(b)(6) is appropriate if the complaint alone is legally insufficient to state a claim." *Brokers' Choice*, 861 F.3d at 1104–05.

Additionally, conclusory allegations need not be accepted. *Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154–55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A *pro se* plaintiff's complaint must be liberally construed. *Hall*, 935 F.2d at 1110. However, liberal construction of a *pro se* plaintiff's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id*. Nor will the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997). Notwithstanding a *pro se* plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite

proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (citation omitted).

### A. *The complaint is dismissed for failing to state a claim upon which relief may be granted.*

The Court liberally construes Plaintiff's complaint as one brought under 42 U.S.C. § 1983. Section 1983 provides that a person acting under color of state law who "subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]" 42 U.S.C. § 1983. "Accordingly, the first inquiry in any § 1983 suit ... is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'" *Margheim v. Buljko*, 855 F.3d 1077, 1084 (10th Cir. 2017) (cleaned up).

Although the complaint is riddled with various conclusory statements and irrelevant "Maxim[s] of Law," the Court gleans from the facts that Plaintiff seeks redress for an alleged violation of his Due Process rights by state

actors. [ECF No. 1 at 1]. He specifically seeks a declaratory judgment that private individuals have a right to present evidence to a grand jury. [*Id.* at 5].

Defendants move to dismiss the complaint for failing to state a claim upon which relief can be granted. [ECF No 8]. They argue the complaint does not contain a "short and plain statement," does not contain sufficient facts to show deprivation of Plaintiff's constitutional rights, and fails to state a claim under the Oklahoma Governmental Tort Claims Act. [*Id.* at 4–8]. Defendants further contend they are immune from suit. [*Id.* at 8–11].

In response, Plaintiff requests that the Court deny the motion to dismiss and sets out his claims as "Claim #1" and "Claim #2." [ECF No. 14 at 1]. Claim #1 states that Defendants "agreed that their nonperformance of duty is an unofficial act without immunity as part of an unconstitutional process to deprive Plaintiff the right to redress grievances." [*Id.*]. Claim #2 is reflected as "Legislative fiat cannot move this court of record[.]" [*Id.*].

The complaint should be dismissed on grounds advanced by Defendants. The complaint cites no law that would authorize a federal district court to grant the requested relief, and the Court is aware of none. As to the Oklahoma Governmental Tort Claims Act, Okla. Stat. tit. 51, § 151 et seq., the Act "does not affect claims seeking only prospective relief." *Thomas v. Stitt*, 653 F.Supp.3d 1084, 1088 (W.D. Okla. Jan. 23, 2023) (citations

omitted). Because the complaint seeks declaratory relief, the Oklahoma Governmental Tort Claims Act does not apply.

Plaintiff also fails to cite any authority that confers upon individuals the right to initiate criminal proceedings. "[I]t is well-settled that a private citizen does not have a constitutional right to bring a criminal complaint against another individual." *Maehr v. United States*, No. 18-cv-02273-PAB-NRN, 2019 WL 3940931, at *1 (D. Col. Aug. 21, 2019) (quoting *Price v. Hasly*, No. 04–CV–0090S(SR), 2004 WL 1305744, at *2 (W.D.N.Y. June 8, 2004)); *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981)); *Keyter v. 535 Members of 110th Cong.*, 277 F. App'x 825, 827 (10th Cir. 2008) ("[A] private citizen[ ] has no standing to initiate federal criminal prosecutions.").

Nor does a private citizen have a right to present evidence before a grand jury. "[A]n individual cannot bring accusations before a grand jury unless invited to do so by the prosecutor or the grand jury." *Maehr*, 2019 WL 3940931, at *1 (quoting *Application of Wood*, 833 F.2d 113, 116 (8th Cir. 1987)). "A well-recognized exception to this rule is that the court in its supervisory power can authorize an individual to appear before a grand jury if it feels that the circumstances require." *Id.*, at n.2 (quoting *Wood*, 833 F.2d at 116). Here, the Court finds no circumstances warranting the exception.

Declaratory judgments under federal law are only available "[i]n a case of actual controversy." 28 U.S.C. § 2201. This requires the controversy to:

7

> be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be *a real and substantial controversy* admitting of specific relief through a decree of a conclusive character, *as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.*

*Columbian Fin. Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1376 (10th Cir. 2011) (emphasis in original) (citation omitted). Here, the complaint fails to allege facts indicating that a "real and substantial controversy" exists between the Plaintiff and Defendants. *Id*.

In the complaint, Plaintiff asks for two specific types of relief: he requests that Defendants be required to answer a question related to the Oklahoma Constitution, and he requests a declaratory judgment that the Plaintiff has a right to provide evidence to grand juries. The Plaintiff's general allegation that Defendants are not acting consistently with his personal view of what the law demands does not create an actual controversy or illuminate any adverse legal interests between the parties. This is because, as noted above, Plaintiff's perceived and purported legal rights are not supported by any authority. Accordingly, the complaint fails to allege any potential grounds for the Court to issue declaratory relief.

Although the complaint invokes Fed. R. Civ. P. 5.1 in demanding that Defendants "ANSWER a constitutional question," that rule is inapplicable here. The complaint does not assert any factual or legal grounds that would "draw into question the constitutionality of" a statute sufficient to trigger the

certification or notice provisions of Rule 5.1. Moreover, Rule 5.1 does not require an "answer" from a judge or justice.

### III.  Defendants are immune from civil liability.

The Court cannot discern from the complaint any request for monetary damages or entry of liability judgment against Defendants. However, to the extent Plaintiff attempts to assert such entitlement, immunity bars these claims. The complaint is devoid of facts showing violation of a constitutional right, and Plaintiff has not identified any action by Defendants that could support a claim for liability under § 1983. The complaint also fails to show Plaintiff has complied with the notice provisions of the Oklahoma Governmental Tort Claims Act. *See Girdner v. Bd. of Comm'rs of Cherokee Cty.*, 227 P.3d 1111, 1115 (Okla. Civ. App. 2009) ("[c]ompliance with these provisions must be alleged[.]").

Plaintiff relies solely on Defendants' nonresponse to his affidavit in bringing his claim. [ECF No. 1 at 1]. Plaintiff also alleges that Defendants' inability to perform their duty is an "unofficial act." [*Id.*]. Because Defendants raise the qualified-immunity defense, Plaintiff must "establish (1) the defendant[s] violated a federal statutory or constitutional right and (2) the right was clearly established at the time of the defendant[s'] conduct." *Ullery v. Bradley*, 949 F.3d 1282, 1289 (10th Cir. 2020) (citing *District of Columbia v. Wesby*, 583 U.S. 48, 62–63 (2018)). Plaintiff has failed to show a violation of

a clearly established constitutional right. Therefore, Defendants are entitled to qualified immunity for any damages claims Plaintiff brings against them in their individual capacities.

The Eleventh Amendment bars Plaintiff's claims against Defendants in their official capacities. "The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state." *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quotation omitted). "And because an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity, the Eleventh Amendment provides immunity when state officials are sued for damages in their official capacity." *Id.* (citation, brackets, and internal quotation marks omitted). Here, both defendants are state officials.

"Under the *Ex parte Young* exception to Eleventh Amendment immunity, a plaintiff may sue state officials in their official capacities to obtain equitable relief against the state." *Shaw et al. v. Smith et al.*, --F.4th--, Nos. 23-3264, 23-3267, 2026 WL 234875, at *10 (10th Cir. Jan. 29, 2026) (citing *Ex parte Young*, 209 U.S. 123, 159–60, 189 (1908)). To invoke the exception, a plaintiff must "(1) allege an ongoing violation of federal law and (2) seek relief properly characterized as prospective." *Id.* (quoting *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1214 (10th Cir. 2022)). "Plaintiffs must also demonstrate that they have met the traditional requirements for a

permanent injunction[.]" *Id.* (citation omitted). As shown above, Plaintiff has failed to allege a violation of a constitutional right and has not alleged facts demonstrating that a "real and substantial controversy" exists. Therefore, the *Ex parte Young* exception does not apply. The Court finds Plaintiff's claims are precluded to the extent he seeks monetary damages or entry of liability judgment against Defendants in their official capacities.

## IV. Conclusion

For the reasons stated above, the Court finds the complaint should be dismissed without prejudice.

**IT IS THEREFORE ORDERED** that Defendants' motion to dismiss [ECF No. 8] is GRANTED and the complaint is dismissed without prejudice.[1] A separate judgment will enter.

DATED this 4th day of February, 2026.

*Sara Hill*
Sara E. Hill
UNITED STATES DISTRICT JUDGE

---

[1] As a result of this order, Plaintiff's motion for judgment [ECF No. 17] and motion for hearing [ECF No. 20] are denied as moot.